936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David W. HANSEN, doing business as The Buckskin, Roy W.
Hansen, doing business as The Buckskin, Kim K. Hansen,
Marlene Hansen, Vidal Candelaria, doing business as American
Trading Company, also known as Bill Candelaria, Ursula
Candelaria, Defendants,
and
Dane D. Fowler, Debbie L. Fowler, Defendants-Appellants.
 No. 90-2182.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants Dane D. Fowler and Debbie L. Fowler appeal from an order of the district court holding they had no colorable claim to the real property and business chattels, including New Mexico Liquor License No. 388, which are the subject of this action.
 
 
 3
 On appeal, the Fowlers argue that the SBA discharged all obligors on a note secured by real property and business chattels when it entered into an agreement which settled the personal liability of defendants Vidal and Ursula Candelaria. The Fowlers further argue that the district court's findings of fact were not supported by the evidence and its conclusions of law were not supported by the law or the evidence. The Fowlers conclude they were entitled to judgment as a matter of law. We affirm.
 
 
 4
 The Candelarias signed a promissory note for $155,000 secured by a mortgage on real property and further secured by a security interest in the Candelarias' business chattel including a liquor license. Several years later, the holder of the note assigned the note and all security instruments to the Small Business Administration (SBA). Two years later, the Candelarias agreed to sell their business to the Hansen defendants. As part of the agreement, the Hansens assumed the Candelarias' obligation under the note. To secure the note, the Hansens signed a new security agreement in the business chattel including the liquor license. The agreement did not relieve the Candelarias of their personal liability on the note and title to the real property remained with the Candelarias. The following year, the Fowlers paid Bill Hansen $7,500.00 for a one-third interest in the secured real property and business chattel.
 
 
 5
 Payments were not made on the note and the SBA commenced this action to enforce the government's lien on the secured properties. The Fowlers cross-claimed alleging an equitable lien on the properties in the amount of $7,157.51 based on their alleged one-third ownership. Before trial, the SBA settled its claim against the Candelarias for $35,000.
 
 
 6
 The district court held that the SBA's settlement with the Candelarias did not relieve the Hansens of their liability and the SBA held a first and paramount lien in the business chattel. The court held that title to the real property had not vested in the Hansens and further, they had forfeited any future right to the property by their failure to make payments on the loan. Consequently, the Fowlers, asserting their claim through the Hansens, had no colorable claim to the real property.
 
 
 7
 The Fowlers argue that the SBA did discharge all obligors on the note when it settled with the Candelarias. Therefore, because the Hansen's obligations were discharged, the Fowlers have an enforceable lien on the real property and business chattel, including the liquor license. Although the Fowlers raised this argument to the district court, on appeal they cite for the first time to N.M.Stat.Ann. Sec. 55-3-601 et. seq., which governs the discharge of negotiable instruments. Ordinarily, we will not address arguments which have not been presented first to the district court for its consideration. Baker v. Penn Mut. Life Ins. Co., 788 F.2d 650, 663 (10th Cir.1986). We will briefly address this argument, however, because the substance of the argument was made to the district court. Citation to statutory authority does not aid the Fowlers' position.
 
 
 8
 The Fowlers cite specifically to N.M.Stat.Ann. Secs. 55-3-603(1), 55-3-605, and 55-3-601(3)(b). Section 55-3-603(1) provides that the "liability of any party is discharged to the extent of his payment or satisfaction to the holder." Official Comment 3 explains that "[p]ayment to the holder discharges the party who makes it from his own liability on the instrument, and a part payment discharges him pro tanto." Official Comment 5 further clarifies that "[p]ayment discharges the liability of the person making it." Although Comment 5 goes on to identify three circumstances in which the liability of other parties is discharged, those circumstances are not present here. See 72 C.J.S. Principal and Surety Sec. 35 (1987), and discussion below regarding section 55-3-601(3)(b).
 
 
 9
 The SBA agreed to accept $35,000 in "full settlement of the [Candelarias'] personal liability and of the real estate mortgage." SBA's Addendum of Exhibits, Ex. 19. The settlement contained no provision for release of any party other than the Candelarias, nor does section 55-3-603(1) mandate the discharge of all parties following satisfaction of one party's personal liability. The Fowler's citation to Farmington National Bank v. Basin Plastics, Inc., 615 P.2d 985 (N.M.1980) is inapposite because there the bank compromised and settled the entire note balance. Here, the SBA settled only as to one party's personal liability to the extent of its secured property.
 
 
 10
 Section 55-3-605 provides that the holder of a note may discharge a party by the holder's renunciation of its rights even without consideration. The SBA's settlement with the Candelarias does not amount to such a renunciation.
 
 
 11
 Pursuant to section 55-3-601(3)(b), the liability of all parties may be discharged when a party having no right of recourse on the note is discharged. Here, the Candelarias as sureties on the note have a right of recourse against the Hansens.
 
 
 12
 In Sunwest Bank of Farmington v. Kennedy, 785 P.2d 740, 741 (N.M.1990), the court implied that New Mexico would follow the majority rule which holds that when a third party assumes a debt, the third party becomes the principal and "the original debtor occupies the position of surety as to the party assuming the debt" with a resulting right of recourse. Smiley v. Wheeler, 602 P.2d 209, 212-13 (Okla.1979) (emphasis in original) (footnote omitted); see 72 C.J.S. Principal and Surety Sec. 35 (1987). In Sunwest Bank, because the creditor was not a party to the assumption contract, the original debtor remained liable as the principal on the note despite the creditor's release of the party assuming the note. 785 P.2d at 741. Here, the SBA was a party to the assumption agreement. Therefore, the Candelarias occupy the position of surety on the note and have a right of recourse against the Hansens.
 
 
 13
 The Fowlers argue that three of the district court's findings of fact were erroneous. We review the district court's findings under the clearly erroneous standard. Fed.R.Civ.P. 52(a). The findings as to which the Fowlers claim error summarize various written agreements which were entered into evidence and which were submitted as part of the record on appeal. Our review of the agreements reveals no reversible error in the district court's summaries thereof as contained in its findings of fact.
 
 
 14
 The Fowlers also argue that the district court's conclusions of law were erroneous and, therefore, it should have adopted their proposed conclusions of law. As noted above, the district court ruled correctly.
 
 
 15
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3